UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald M. Gilliam, #240636, | ) C/A No. 4:11-cv-378-RBH-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Leroy Cartlidge, Warden, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Petitioner is currently incarcerated at McCormick Correctional Institution. According to this Court's records, on February 27, 2004, he filed an initial § 2254 petition addressing a murder conviction that was entered in Greenwood County in 1996. *Gilliam v. Rushton*, Civil Action No. 4:04-cv-00362-RBH. That petition was served on the state and was fully considered on the merits by this Court. Summary judgment was entered in favor of the respondent and the case was finally dismissed on March 30, 2005. This Court may take judicial notice of Civil Action No. 4:04-cv-00362-RBH. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

In the case now under review (Civil Action No. 11-378-RBH-TER), Petitioner submits a second § 2254 Petition addressing the 1996 Greenwood County murder conviction. It appears that

Petitioner pursued another post-conviction relief (PCR) case in Greenwood County and the South Carolina Supreme Court in 2009-10, claiming that had newly discovered evidence that showed the ineffectiveness of his legal counsel and that showed that his conviction was unconstitutional. The Petition submitted in this case raised one ground for relief: "Newly Discovered Evidence . . . Trial Counsel was ineffective for failing to bring highly prejudicilial [sic] newspaper article to the court's attention and poll the jury as to whether they considered prejudicial and outside influence from article which contained evidence ruled inadmissible by the court." (ECF No. 1, Pet. 5). There are no allegations anywhere in the Petition showing that Petitioner sought and obtained permission from the Fourth Circuit Court of Appeals before filing this second, successive § 2254 habeas corpus case in this Court.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are

2

assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010). The Petition filed in this case appears to be a second and successive petition since, even though labeled "newly discovered evidence," it raises claims against the validity of the same 1996 Greenwood County conviction which could have been brought in the first habeas case and no authorization for its filing was obtained from the Fourth Circuit Court of Appeals. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to

individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194. The "gatekeeping" mechanism created by the AEDPA added section 2244(3)(A) to provide:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition in this District Court, this Court does not have jurisdiction to consider it, and it is subject to summary dismissal without service on the Respondent. *See Romandine v. United States*, 206 F.3d 731, 734 (7th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000); *United States v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999); *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent.

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III

                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

April 1, 2011
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).