IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Reginald M. Gilliam, | ) | Civil Action No.: 4:11-cv-00378-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Leroy Cartlidge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at McCormick Correctional Institution, in McCormick, South Carolina. This matter is now before the court with the [Docket Entry 15] Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, filed on April 1, 2011. Petitioner timely filed objections to the R & R. *See* Obj. [Docket Entry 18].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to

a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

In the R & R, the Magistrate Judge recommended dismissal of Petitioner's [Docket Entry 1] § 2254 Petition "[b]ecause Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals" prior to filing the current Petition. R & R at 4. Upon review, the court agrees.

According to this court's records,[1] Petitioner filed an initial § 2254 petition on February 27, 2004, challenging a 1996 Greenwood County murder conviction. *See Gilliam v. Rushton et al.*, No. 4:04-cv-00362-RBH. This court fully considered that case on the merits, and entered summary judgment in favor of the respondents on March 30, 2005. *See* [Docket Entry 15], No. 4:04-cv-00362-RBH.

In the instant [Docket Entry 1] § 2254 Petition, Petitioner again challenges his 1996 Greenwood County murder conviction. Specifically, Petitioner now contends that there is "newly discovered evidence" that establishes the ineffectiveness of his trial counsel. *See* § 2254 Petition at 5.

"Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus . . . without first receiving permission to do so from the appropriate circuit

---

[1] The court may take judicial notice of its own records in Petitioner's prior case. *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (internal quotations and citations omitted); *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (holding that "[t]he District Court clearly had the right to take notice of its own files and records").

court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Title 28, United States Code, Section 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Here, Petitioner indicated in his Objections that this was his "second § 2254 petition addressing the 1996 Greenwood County murder conviction," and that he had not received permission/authorization from the Fourth Circuit Court of Appeals to file this successive petition. Obj. at 1-2. Petitioner then requested that the court "take this matter in [] abeyance []" while he seeks authorization from the Fourth Circuit or, in the alternative, dismiss the petition without prejudice so that he may seek such authorization. *See id.* at 2. Because Petitioner failed to get authorization from the Fourth Circuit *before*[2] filing his second § 2254 petition, the instant § 2254 Petition should be dismissed. The court notes that the dismissal will be *without prejudice*, as requested by Petitioner in his Objections.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court

---

[2] *See* § 2244(3)(A) (holding that an applicant shall seek authorization from the appropriate court of appeals "*[b]efore* a second or successive application . . . is filed in the district court") (emphasis added).

finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

## Conclusion

The court has thoroughly reviewed the entire record, including the R & R and Objections, and the applicable law. For the reasons stated above and by the Magistrate Judge the court hereby overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, it is therefore **ORDERED** that the Petition for a Writ of Habeas Corpus in this case is **DISMISSED** *without prejudice* and without issuance and service of process upon Respondent.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

      s/R. Bryan Harwell
      R. Bryan Harwell
      United States District Judge

Florence, South Carolina
April 15, 2011